# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHONG LENG LEE, Petitioner,
Full Name (under which you were convicted)

439266
Prisoner Number

Waupun Correctional Institution
Place of Confinement

vs.

RANDALL HEPP, Respondent.
Authorized Person Having Custody of Petitioner

Docket No. _____
(to be supplied by Clerk)

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY

Caution: THIS IS NOT THE FORM TO BE USED, IF YOU CLAIM THAT YOUR FEDERAL SENTENCE OR CONVICTION IS UNLAWFUL, OR IF YOU ARE A PRETRIAL DETAINEE CHALLENGING YOUR PRECONVICTION CUSTODY, A FEDERAL PRISONER CHALLENGING THE EXECUTION OF YOUR SENTENCE OR AN ACTION TAKEN BY THE BUREAU OF PRISONS, OR A PERSON IN CUSTODY CHALLENGING AN IMMIGRATION-RELATED ORDER.

I. SUBJECT OF THIS PETITION

   A. Name and location of the state court that entered the judgment of conviction which you are challenging

   Outagamie County Branch 4, Appleton, Wisconsin

   B. Criminal docket or case number  13-CF-1074

   C. Date of the judgment of conviction  March 9, 2016

   D. Date of sentencing  June 2, 2016

   E. Length of sentence  Life in prison

   F. In this case, were you convicted on more than one count or of more than one crime?

   [X] Yes   [ ] No

   G. Identify all crimes of which you were convicted and sentenced in this case

   First Degree Intentional Homicide Life in prison

   Felon in possession of firearm 1 year consecutive in prison

   Intimidation of witness (felony) 1½ years consecutive in prison

   Intimidation of witness (felony) 1½ years consecutive in prison

   H. What was your plea? (Check one)

   [X] Not guilty   [ ] Guilty   [ ] Insanity plea   [ ] Nolo contendere (no contest)

   If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   I. If you went to trial, what kind of trial did you have? (Check one)

   [X] Jury   [ ] Judge only

SUBJECT OF THIS PETITION - continued

   J. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      [ ] Yes     [X] No

      If yes, state the type(s) of hearing or proceeding

## II. DIRECT STATE APPEAL OF CONVICTION

   A. Did you appeal from the judgment of conviction?

      [X] Yes     [ ] No

      If yes, attach the decision(s) that resolved your appeal and answer the following questions:

      1. Date of filing appeal  June 2, 2016

      2. Grounds raised  Ineffective Assistance of Counsel pursuant to U.S.C. Amend. VI., Brady and Youngblood violations pursuant to U.S.C. Amend. V., and XIV., and Absence of trnascripts or lost of transcripts.

      3. Result  Judgment Affirmed.

      4. Date  December 17, 2019

   B. Did you seek further review by the highest state court?

      [X] Yes     [ ] No

      If yes, attach the decision(s) that resolved your petition for review and answer the following questions:

      1. Date of filing of petition for review  January 22, 2020

      2. Grounds raised  Same grounds raised as question numbered II. Supra.

      3. Result  Petition for review was denied

      4. Date  July 15, 2020

## DIRECT STATE APPEAL OF CONVICTION - continued

C. Did you file a petition for certiorari in the United States Supreme Court?

[X] Yes   [ ] No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari  November 25, 2020

2. Grounds raised  Ineffective Assistance of Counsel, Brady and Youngblood violations, and absence or lost of transcripts.

3. Result  Denied for review

4. Date  May 25, 2021

## III. STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL

A. Other than the appeals listed above in Section II, have you previously filed any other state petitions, applications, or motions concerning this state judgment of conviction?

[X] Yes   [ ] No

If yes, attach the decision(s) that resolved your application for state post-conviction relief and answer the following questions:

1. Name of court  Outagamie County Court

2. Docket or case number  13-CF-1074

3. Date of filing  May 11, 2022

4. Type of petition, application, or motion filed  §974.06, or Knights Petition

5. Grounds raised  Ineffective Assistance of Appellate Counsel and Abuse of Discretion by a bias or prejudicial Justice pursuant to 556 U.S. at 885, 129 S.Ct. 2252.

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

[ ] Yes   [X] No

7. Result  PENDING

STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

8. Date _____

9. Did you appeal to the highest state court having jurisdiction over the action taken on your first state petition, application, or motion?

    ☐ Yes    ☐ No

B. If you filed a second petition, application, or motion, attach the decision and answer the following questions:

1. Name of court _____

2. Docket or case number _____

3. Date of filing _____

4. Type of petition, application, or motion filed _____

5. Grounds raised _____
_____
_____
_____

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

7. Result _____

8. Date _____

9. Did you appeal to the highest state court having jurisdiction over the action taken on your second state petition, application, or motion?

    ☐ Yes    ☐ No

_____
_____

C. If you filed a third petition, application, or motion, attach the decision and answer the following questions:

1. Name of court _____

2. Docket or case number _____

3. Date of filing _____

STATE POST-CONVICTION RELIEF OTHER THAN DIRECT APPEAL- continued

    4. Type of petition, application or motion filed _____

    5. Grounds raised _____

    6. Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

    7. Result _____

    8. Date _____

    9. Did you appeal to the highest state court having jurisdiction over the action taken on your third state petition, application, or motion?

        ☐ Yes    ☐ No

IV. **GROUNDS FOR RELIEF**

For this petition, state every ground supporting your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. **If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: **To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.**

Ground One _Brady violation/Due Process violation pursuant to the fifth and fourteenth amendment of the United States Constitution_

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

Petitioner was charged with 1st degree intentional homicide, felon in possession of firearm and later four counts of intimidation was added on at the preliminary hearing and one count of perjury before a magistrate. He was then bound over for trial and defense counsel

## GROUNDS FOR RELIEF - continued

filed motions to compel discovery. In these motions they included witness statements, recordings, police reports, any exculpatory or impeachable evidence. In 2015 investigators working with the District Attorney inadvertently turned over evidence they were intentionally trying to suppress over to defense. Only the names were turned over to defense through a white board so they went to re-interview these witnesses. Through pre-trial hearings defense learned that more evidence was lost or suppressed and after testimony from officer's the suppression was done intentionally.

If you did not exhaust your state remedies on Ground One, explain why.

Ground Two Youngblood violation/ due process violation pursuant to the 14th amendment

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

At a May 26, 2015 motion hearing Sgt. Rabas of the Appleton Police Department was cross examined by District Attorney Carrie Schneider about why evidence was destroyed in this case and Sgt. Rabas stated, "we (the investigators) believe that if there were any of those recordings, photographs or any submissions like that, we knew through discovery the defense would be able to obtain that, so I think as an investigative team we just decided that nothing would be retained." At a previous hearing Sgt. Thao who did the original hearing in 2013 a couple of days after the shooting testified that the witnesses

## GROUNDS FOR RELIEF - continued

seen the shooter, seen what he looked like, seen what he wore and provided all these details to Sgt. Thao. When asked what he did with that evidence he stated he destroyed it and also let the DA know.

If you did not exhaust your state remedies on Ground Two, explain why.

Ground Three  Ineffective Assistance of Counsel 6th amendment violation

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

There were multiple arguments made on this. 1) counsel failed to object to hearsay statement 2) counsel failed to pursue motion to suppress defendant's statements 3) counsel failed to object evidence ruled as inadmissible from being heard by jury and reaching jury during deliberations; 4) counsel failed to object to remedy given for the destruction of evidence which was not one the defense sought but one that was more prejudicial and did more harm to defendant's case.

If you did not exhaust your state remedies on Ground Three, explain why.

Have exhausted on all claims except claim numbered 4 is still being argued on my §974.06 motion under Knights, 168 Wis. 2d 509.

## GROUNDS FOR RELIEF - continued

Ground Four _Absence or lost of transcripts leading to petitioner unable to have a meaningful appeal_

Supporting FACTS (Briefly summarize the facts without citing cases or law.)

During Appellate counsel's review of the case she came to discover that a portion of the last day of trial transcripts were missing. While investigating this claim she discovered that trial Judge had ex parte communications with jury during deliberations and had gave them inadmissible evidence he had previously ruled on before trial began.

If you did not exhaust your state remedies on Ground Four, explain why.

## V. PRIOR FEDERAL CHALLENGES

A. Have you previously filed any type of petition, application, or motion in a federal court regarding the state conviction that you are challenging in this petition?

☐ Yes   ☒ No

If yes, attach the decision(s) that resolved your prior federal court challenge and answer the following questions:

1. Name of court _____

GROUNDS FOR RELIEF - continued

Ground Five - Ineffective assistance of appellate counsel

Supporting Facts- Appellate Attorney Ana Babcock knew she would be arguing the Brady/Youngblood violations. She knew she would also be arguing ineffective assistance of counsel. The trial Court gave a remedy for the Youngblood violation in this case that deprived Lee from having a fundamentally fair chance at trial and trial counsel failed to object. Even though appellate counsel argued that remedy was the improper remedy and trial Judge had discretion she failed to make an argument on the ineffectiveness of trial counsel making an objection to said remedy for preservation for appeal.

The reason why grounds five is not exhausted yet is because it was only recently brought up in Lees Knight's petition and that motion is in front of the Circuit Court. Lee ask that this argument be put on stay in order for this claim to be barred in future arguments.

Ground Six- Abuse of discretion/Ineffective assistance of appellate counsel

Supporting Facts- At a post-conviction hearing to address the issue of the absence of transcripts during trial, Appellate counsel cross examined trial attorney Deja Vishney as to her recollection to try and re-create the record, but trial counsel could not recall if counsel or prosecutors were ever called back. This was to prove one of the prongs of the Perry standards. At this time trial Judge who was also presiding as post-conviction Judge testified and became a witness. He testified by stating, "I dont-- I don't know the specific I mean I don't have an independent recollection. I know that questions that would be asked, whether it's during a trial or afterwards, I would mark those as exhibits." Appellate counsel then failed to ask Judge to recuse himself from the case for future bias or prejudice. The Judge remained on the case and ruled against his own errors. He handed inadmissible evidence over to a deliberating jury, got caught, lost the transcripts that pertained to that error, testified that he could not recollect to what happened yet made a decision based on his own personal knowledge of the situation? Appelate counsel should have objected and asked for a recusal for potential bias.

Ground six has not been exhausted yet as it is still being argued in Lee's Knight's petition. Lee request that this claim be put on stay until it is fully litigated and exhausted at the State level.

## PRIOR FEDERAL CHALLENGES - continued

2. Docket or case number _____

3. Date of filing _____

4. Type of petition, application, or motion filed _____

5. Grounds raised _____

_____

_____

_____

_____

_____

_____

6. Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

7. Result _____

8. Date _____

9. Did you appeal the action taken on your first federal petition, application, or motion to a federal court of appeals?

    ☐ Yes    ☐ No

    If yes, attach the decision(s) that resolved your appeal and answer the following questions:

    a. Name of court _____

    b. Docket or case number _____

    c. Date of filing _____

    d. Type of petition, application, or motion filed _____

    e. Grounds raised _____

    _____

    _____

## PRIOR FEDERAL CHALLENGES - continued

    f. Result _____

    g. Date _____

B. Did you file a petition for certiorari in the United States Supreme Court?

    ☐ Yes      ☐ No

If yes, attach the decision(s) that resolved your petition for certiorari and answer the following questions:

1. Date of filing petition for certiorari _____

2. Grounds raised _____

_____

_____

_____

3. Result _____

4. Date _____

## VI. REPRESENTATION

A. Give the name and address of each attorney who represented you in the following:

1. At preliminary hearing  Brian Keberlien

    Public Defender's office

2. At arraignment and plea hearing  Deborah Vishny and Evan Weitz

    Public Defender's Office

3. At trial  Same as number 2

4. At sentencing  Same

5. On direct appeal  Attorney Ana L. Babcock P.O. Box 22441

    Green Bay, WI 54305

REPRESENTATION - continued

    6. In any state post-conviction proceeding _____

    7. On appeal from any ruling against you in a state post-conviction proceeding _____

VII. REQUEST FOR RELIEF

State exactly what you want the court to do for you.

I am asking the Court to dismiss all charges against me or in the alternative reverse and remand for a new trial, but due to the prejudice done to me in this case it deserves dismissal.

VIII. DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, hereby declare under penalty of perjury that the foregoing information is true and correct.

Signed this 25th day of May, 2022.

_____
Signature of Petitioner

_____
(Signature of lawyer, if any)

If you are signing the petition and are not the petitioner, state your relationship to the petitioner and explain why the petitioner is not signing this petition.