# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHONG LENG LEE,**

        Petitioner,

        v.                           Case No. 22-CV-620

**RANDALL HEPP,**

        Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Chong L. Lee, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. He seeks leave to proceed without prepayment of the $5.00 filing fee. (ECF No. 2.) Based on the court's review of his motion and his trust account statement, the court finds that Lee lacks the resources to pay that fee. Accordingly, the motion is **granted**.

Next, the court must review his petition to determine whether it is sufficient to proceed. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Lee acknowledges that he has not exhausted his state court remedies with respect to all the claims contained in his petition. Consequently, his petition is "mixed" in that it contains both exhausted and unexhausted claims. The court cannot grant a "mixed" petition. 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). When the court identifies a petition as a mixed petition, the petitioner generally has two options. First, he could return to state court to exhaust his unexhausted claims, often accompanied by a request that the federal court stay the federal proceedings and hold his petition in abeyance while he does so. Second, he could withdraw any unexhausted claim, thereby enabling the court to consider the merits of his exhausted claims but foregoing the opportunity to have a federal court consider the unexhausted claims.

With respect to his fifth claim, Lee states: "Lee ask that this argument be put on stay in order for this claim to be barred in future arguments." (ECF No. 1 at 10.) With respect to his sixth claim, Lee states: "Lee request that this claim be put on stay until it is fully litigated and exhausted at the State level." (ECF No. 1 at 11.) He also acknowledges that he has not exhausted an aspect of his ineffective assistance of counsel claim. (ECF No. 1 at 8.) Notably, Lee has not filed a motion for stay and abeyance.

Stay and abeyance is appropriate in only limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure

would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.* Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless. *Id.* Additionally, there must have been good cause for the petitioner's failure to have sought relief earlier in state court. *Id.*

Lee has failed to develop an argument as to why stay and abeyance is appropriate. The court will give Lee the opportunity to file a motion for stay and abeyance wherein he may present arguments as to why the motion should be granted.

No later than **July 7, 2022,** Lee shall either file an amended petition that does not include any unexhausted claim or file a motion for stay and abeyance.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

The respondent may, but is not required to, respond to any motion for stay and abeyance no later than **August 4, 2022**.

No later than **August 4, 2022**, the respondent shall complete and file the Consent/Refusal to Proceed Before a Magistrate Judge form.

If the respondent submits a brief in response to any motion for stay and abeyance, Lee may reply no later than **August 25, 2022**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 8th day of June, 2022.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge