UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHONG LENG LEE,
    Petitioner,

v.    Case No.: 22-CV-620

RANDALL HEPP,
    Respondent.

## MOTION TO STAY

Chong Leng Lee, the Petitioner (hereinafter Lee), pro se, moves this Court for an order to Stay his Writ of Habeas Corpus he filed under 28 U.S.C. §2254 until the exhaustion of his remaining claims.

Lee under oath and the penalty of perjury states that the following is true and correct to the best of his knowledge.

In support of this motion for a stay, Lee respectfully shows:

1. This case is a highly complex case as it deals with multiple Constitutional violations.
2. The amount of evidence, discovery, and transcripts in this case is overwhelming and that was for an attorney with a handful of interns, clerks, and partners who could help her work on the case and with Lee proceeding pro se with the educational skills of a fourth grade level student. (See **exhibit 1**).
3. Lee was sent to segregation for a retaliation issue by the prison staff and most of his property which included a majority of his legal paperwork including this case (State case number 13-CF-1074) among other cases were either lost or destroyed by the prison staff. (See **exhibit 2**).
4. Lee did make efforts to contact his appellate attorney Ana L. Babcock in the hopes to recover his files, but she did not reply to his attempts at making contact with her. This was done through family and friends going to her former office, in which, Lee's family and friends were told she had relocated to another firm, and then they went there, but that location was an empty lot, so Lee's family left her multiple voice messages.
5. What is more Lee had contracted Covid-19 three to four times all during this duration and on his last covid case he was sick in bed for three to four month with constant diarrhea, vomiting, and fever. (See **exhibit3**).
6. The Covid pandemic had stopped most activity at this prison and this prison in the State of Wisconsin has the shortest amount of

1

staff and due to that reason the prison is constantly on some sort of lockdown that have cancellations that affect the amount of time that would naturally give a pro se inmate the time he needs to effectively work on his documents. For the named defendant is the said Warden of this prison, he is best suited to know of this situation. Instead of working a more stable law library into his institution so that it does not have such negative impacts on his wards, such as, i.e.. a law library or legal search program onto inmate tablets and cellhall kiosks, they allow cancellations that can last up to days. With Covid and the staff shortage we were left without the use of the institutions law library for a couple of years and when it did come open, only inmates with a "Court Deadline" could submit for a pass and it had to be within "forty-five (45)" days of the deadline. Then once you are approved for those deadlines you may only go up to the law library to work on the said case or risk punishment.

7. Lee began using the law library again when it came back open to the general population inmates sometime in March of 2022. He then put together his Petition for a Writ of Habeas Corpus as best as he could with his previous briefs his appellate attorney had filed at the State level. Lee never stopped working on his unexhausted claims nor has he waivered on meeting the Habeas deadline even when he had all his misfortunes he still pushed on where most would have given up.

## ARGUMENTS

Lee's inarticulate way of asking for the stay in his Petition was rather vague, but he thought that by explaining the situation of the events he would have shown this Court that in the [Interest] of Justice the other three unexhausted claims would be put on stay. Lee is grateful to this Court for the explanation and concur with its decision after researching the newly given information that he needs to show the Court "the why" a stay and abeyance is appropriate. Lee agrees with this Court that a mixed petition may not be granted under **Rhines** v. **Weber**, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed. 2d 440 (2005). With that being said, under **Rhines**, it also states that "unless good cause could be shown why petitioner failed to exhaust his claims first in state court and the unexhausted claims are not "plainly meritless," **Id.** at 277; see also **Dolis v. Chambers**, 454 F. 3d 721, 722 (7th Cir. 2006). As Lee stated before; this case is not a simple case, as it deals with multiple arguments that creates challenges for the normal lawyers. It is even harder for an inmate proceeding pro se in an institution during a pandemic with no access to an open law library or legal materials. As Lee stated he has not

2

waivered on meeting his deadlines after the United States Supreme
Court's final judgment in May of 2021. He was sick with Covid on
multiple occasions and on his last contraction it lasted for a few
months yet he still met his deadlines. (See Exhibits 2&3). Lee is
not facing a death penalty but is serving a life sentence, so it
would make sense that Lee would rather get this case done and over
with as quick as possible than to ask for a stay and prolong it.
Unfortunately this is not what "JUSTICE" requires. See **Rhines**, 544
U.S. at 278, 125 S.Ct. 1528, ("for the proposition that if the
petitioner had good cause for his failure to exhaust, if his
unexhausted claims are potentially meritorious, and if there is no
indication that the petitioner engaged in intentionally dilatory
tactics, then the district court likely "should stay, rather than
dismiss the mixed petition").

Lee's unexhausted claims are not meritless and they figure directly
into his exhausted claims. His exhausted claims would be incomplete
if his unexhausted claims were not stayed. Also a note for this
Court, Lee has never done any sort of delay tactics as the three
unexhausted claims were in the State court before the filing of the
federal petition. Interest of Justice is why Lee seeks this Stay.
In Lee's opinion the exhausted claims are enough to have his case
overturned and dismissed, but the unexhausted claims needs to be
addressed for the Interest of Justice. Lee believes that his
unexhausted claims will have a significant impact on the justice
system as the claims deal with major issues that directly affects
criminal defendants right to: 1) having a right to the 6th Amendment
of the United States Constitution, i.e., an effective counsel; 2) to
have a trial by an impartial jury of the State and district wherein
the crime have been committed; 3) to have the compulsory process for
obtaining witnesses in his favor; and 4) the 14th Amendment, to have
equal protection by the law. Equal protection by the law requires
the defendant receiving full and fair due process of the law. Lee
made claims of ineffective assistance of counsel and appellate
counsel, and a claim of judicial misconduct by trial judge in his
unexhausted claims. Lee previously quoted **Rhines**, supra at 278, "for
the proposition that if the petitioner had good cause for his failure

3

to exhaust, [i]f his unexhausted claims are **"potentially meritorious"** here, Lee's unexhausted claims are meritorious and if this Court so choose to dismiss rather than Stay the mixed petition, then this Court would unreasonably impair Lee's right to relief. In **Rose v. Lundy**, 455 U.S. 509, 522, 102 S.Ct. 1198, the United States Supreme Court stated, "the total exhaustion requirement was not intended to "unreasonably repair the prisoner's right to relief").

If this Court determines that a Stay is inappropriate, this Court should allow Lee to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. "[A petitioner] can always amend the petition to delete the unexhuasted claims, rather than returning to state court to exhaust all his claims." **Id**. at 520. Lee's exhausted claims are significant and if this Court dismiss those claims it would have a detrimental effect on Lee and future cases similar in nature. It would also impair the rights of Lee's in seeking federal relief on claims that are very arguable in Court the Interest of Justice would not have been served.

## CONCLUSION

For the foregoing reasons this Court should grant this Motion for a Stay so that the Petitioner may finish exhausting his remaining claims in state court and after the Petitioner has exhausted his state court remedies. This Court then order that within thirty (30) days after the conclusion of his state proceedings, the petitioner must file a motion in this case (Captioned "Motion to Reopen"), informing the Court that the state court proceedings are finished and asking this Court to reopen the federal case.

Dated this 5th day of July, 2022.

Signed By:

CHONG LENG LEE #439266
Waupun Correctional Institution
P.O. Box 351
Waupun, WI 53963