CHONG LENG LEE,
        Petitioner,

v.

Case No.: 22-CV-620

RANDALL HEPP,
        Respondent.

## PETITIONER'S REPLY TO REPONDENT'S OPPOSITION

Chong L. Lee, the Petitioner (hereinafter Lee), pro se, responds to the respondent's opposition for Lee's Motion to Stay and abeyance his Habeas Petition pursuant to 28 U.S.C. §2254.

### ARGUMENTS

I. The Respondent argued that Lee failed to meet the Rhines standard.

The respondent's opposition falls short in multiple ways. The respondent concedes in their very first paragraph that pursuant to Rhines, 544 U.S. 269, district courts may stay a habeas petition and hold it in abeyance while the petitioner seeks to exhaust state-court remedies as to his unexhausted claims. (Dkt. 11:2).

A. LEE HAS NOT FAILED TO SHOW GOOD CAUSE BUT HAS MET THE REQUIRED RHINES STANDARD.

The respondent then goes onto list the many ways they believe Lee has failed to show this Courtwhy his Motion should be granted. One of the reasons the respondent believes Lee's Motion should be denied is because Lee only listed a "litany of hurdles" to support his good cause, but failed to explain why those "hurdles" stopped him from presenting his claims. The respondent must have not read the Motion or chose to overlook Lee's explanations.

Lee first explains the hardship of being at this institution and stated for the record that since the respondent is the Warden of this Institution he is best suited to know its operations. He can also obtain the records of the operations of his institution's law library operational days and include it as exhibits to support his

1

claims, but chose not to and instead only used Lee's State briefs and the Wisconsin Court of Appeals decisions to help support their opposition. Lee stated in his motion that from May 2021 through May 2022 most of the institution's law library or the prison itself was on lock down with no movement and when there was law library, only inmates with deadline may use the institution's law library. (Dkt.9 ¶6). Now Lee will once again reiterate it for the respondent who runs this prison and is very aware of his rules and for him to provoke or even suggest Lee break his rules is unethical. The inmate who attends law library during a deadline time may only use that time for the case number. (See Ex-A). Lee stated this in his last motion and provided the opportunity for the respondent to provide his rules as exhibits for this Court to view, instead Lee is having to show that Lee is honest. Yes, Lee was constantly working on his civil case 21-CV-37, not because he could, but because he had deadlines for that specific case which granted him time in the law library for that case. Lee had as a matter of fact five or six cases that all involved criminal and civil matters and four of those had deadlines for. Two to the Seventh Circuit, three to the Eastern District and Lee's Knight's Petition. As Lee stated once the institution eased their restrictions. Lee used all the opportunity he could in the law library in March 2022 when the General Population inmates were allowed to return to regular use. Lee used his regular time until he was within his 45 days and started a deadline so he could gain an extra hour. That extra hour barely got Lee the time he needed to turn in his unexhausted claim before making his exhausted claims. It was not intentional delay. How can an inmate work on his case when he has no resources such as, books, lexisnexis, or westlaw to do research with? We can't cite cases or statutes, and Constitutions. This prison has no legal materials for inmates to check out and no source for an inmate to look on if the law library is closed. A pro se inmate with a mountain to climb, and I met that deadline with no excuses.

    In Dolis v. Chambers, 454 F. 3d 721, 725 (7th Cir. 2006), the Seventh Circuit stated, "In order to determine whether a stay pending exhaustion would be appropriate in this case, [petitioner] must be given an opportunity to demonstrate good cause for his failure to

2

exhaust his claims first in state court, to show that his unexhausted claims are not 'plainly meritless,' and to demonstrate that he has not engaged in abusive litigation tactics or intentional delays." Jackson v. Roe, 425 F.3d 654, 655 (9th Cir. 2005), (interpreting Rhines to require a federal court to "in limited circumstances, stay a mixed petition to allow a petitioner to present an unexhausted claim to a state court for review"). Lee has shown that it was not intention to delay any court proceedings, but to follow rules and procedures in order to guarantee that he is able to finish his case without complications. (See Ex-B). As Lee stated, he is not facing the death penalty, but rather serving a life sentence and would want to get his court proceedings done with rather quick.

B. Lee's Unexhausted claims have merits.

The respondent argued that Lee has failed to prove his unexhausted claims were "potentially meritorious." Once again the Respondent is clearly not understanding Rhines. Rhines does not require a petitioner to fully make arguments into the unexhausted claims as the respondent did in this case. If that was the case then this Court would now have jurisdiction and we would not be going through this process. Rhines requires the petitioner to show the "Potential Merits" of the arguments and Lee has provided that by explaining the nature of his unexhausted claims. It is for the state court to exhaust and argue those arguments the respondent makes first. I would thank the respondent for their arguments as I expected the State would make the same as well. Lee can go into full arguments on the merits of the issues he presented in his Knights petition, but those claims are not in front of this court and Lee has put enough of those claims in front of this Court for the Court to consider its "potential merits." Jackson supra, at. 655.

II. The respondent failed to respond to Lee's Lundy argument.

Lee is taking it that since the respondent failed to make any arguments to this issue that they concede. Lee had asked that if this Court determines that a Stay is inappropriate, this Court allow Lee to delete the unexhausted claims and to proceed with the exhausted claims. See Rose v. Lundy, 455 U.S. 509, 520. (Dkt.9:4).

3

## CONCLUSION

For the reasons above Lee has shown this Court good cause and shown the importance and significance of the unexhausted claims to his exhausted claims. It would unreasonably repair Lee's right to relief if this Court did not grant him this stay and abeyance and it would not serve the Interest of Justice. Lee ask that this Court grant this Motion and hold the petition for Habeas in abeyance or in the alternative follow Lee's Lundy request.

Dated this 24th day of August, 2022.

SIGNED BY:

*[signature]*

CHONG LENG LEE
Waupun Correctional Institution
P.O. Box 351
Waupun, WI 53963