UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHONG L. LEE,

          Petitioner,

      v.                                  Case No. 22-C-620

RANDALL HEPP,

          Respondent.

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

      Petitioner Chong L. Lee, who is currently serving a sentence at Waupun Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking federal review of his state conviction. Dkt. No. 1. He also filed a motion to stay proceedings on his petition and hold it in abeyance so that he could exhaust his state court remedies on several claims upon which he sought federal review. Dkt. No. 9. In a decision dated September 26, 2022, the court denied Lee's motion for a stay and proceeded to screen his petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Dkt. No. 13. The court dismissed the unexhausted claims and allowed other claims to proceed. On October 26, 2022, Lee filed a Notice of Appeal and a Motion for Leave to Appeal *in Forma Pauperis*. Dkt. Nos. 14, 16. Because the order from which he seeks to appeal is not final, the court concludes that Lee's appeal is not taken in good faith, and thus his motion for leave to appeal *in forma pauperis* should be denied.

      The general rule is that an appeal may be taken from a final order. 28 U.S.C. § 1291. However, a district court may certify a nonfinal order for an interlocutory appeal if it determines that "such order involves a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292. Neither requirement is satisfied here. The law governing the granting of stays in § 2254 cases is well established. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). And Lee has not shown that an immediate appeal will materially advance the ultimate termination of this litigation. In truth, an appeal will only delay the progress of this case by pausing the court's briefing schedule. For these reasons, I cannot certify that Lee may take an interlocutory appeal from the court's nonfinal order denying his motion to stay his petition.

Absent certification under 28 U.S.C. § 1292, I conclude that Lee's motion to proceed *in forma pauperis* should be denied. Because his appeal involves a petition for relief under § 2254, the initial partial filing fee provisions of the Prison Litigation Reform Act (PLRA) do not apply. *See Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) (holding that "the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, 2255"). Lee is a prison inmate without significant income and thus clearly meets the indigency requirements of a motion for leave to proceed *in forma pauperis*. Even for litigants who meet the indigency requirements, however, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). I so certify here.

An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28

U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition. Because his appeal is from a nonappealable order, I conclude that Lee's appeal is not taken in good faith.

**IT IS THEREFORE ORDERED** that Lee's motion to proceed *in forma pauperis* on appeal (Dkt. No. 16) is **DENIED**. A certificate of appealability is also **DENIED** since no final order has been entered. I do not believe that reasonable jurists would believe that Lee has made a substantial showing, at this stage, of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Green Bay, Wisconsin this 8th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge