IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CHONG LENG LEE,

    Petitioner,

v.                                Case No. 22-CV-620

RANDALL HEPP,

    Respondent.

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Respondent Randall Hepp, by undersigned counsel, pursuant to this Court's order dated September 26, 2022, (Dkt. 13), and Rule 5 of the Rules Governing 28 U.S.C. § 2254 Cases in the United States District Courts, answers Chong Leng Lee's petition for a writ of habeas corpus as follows:

1.     **ADMITS** that Lee is "in custody" for purposes of Section 2254 as he is currently incarcerated at the Waupun Correction Institution in Waupun, Wisconsin. The cause of his custody is a valid amended judgment of conviction entered in the Outagamie County Circuit Court, case number 2013CF1074. On March 9, 2016, a jury returned verdicts finding Lee guilty of first-degree intentional homicide while using a dangerous weapon, possession of a firearm by a felon, and two counts of witness intimidation by a person charged with a felony. For his single homicide conviction, the court sentenced Lee to life

imprisonment with extended supervision eligibility beginning on February 1, 2048. The court ordered Lee to serve that life sentence consecutively to a global sentence of four years' initial confinement and three years' extended supervision that it had imposed for Lee's remaining three convictions. A copy of the amended judgment of conviction is attached as **Exhibit 1.**

2. **ADMITS** that venue of this federal habeas action in this Court is proper because Outagamie County, Wisconsin, is in the Eastern District of Wisconsin. *See* 28 U.S.C. §§ 130(b); 2241(d). This Court has jurisdiction over Lee's petition pursuant to 28 U.S.C. §§ 1331 and 2254.

3a. **ADMITS** that Lee appealed his judgment of conviction and the order denying postconviction relief to the Wisconsin Court of Appeals in *State of Wisconsin v. Chong Leng Lee*, appeal number 2018AP1741-CR. Lee argued on appeal that he (1) was denied his right to due process when the State failed to disclose exculpatory evidence, (2) was denied his right to due process when police destroyed apparently exculpatory evidence in bad faith, and (3) was denied the right to a meaningful appeal due to missing transcripts of an in-chambers discussion about a piece of admitted evidence and the parties' discussion with the court about the jury's request to see that evidence during its deliberations.

3b. The Wisconsin Court of Appeals rejected each of Lee's three claims. The court rejected Lee's first claim because he failed to show that the

2

Case 2:22-cv-00620-WCG    Filed 11/11/22    Page 2 of 8    Document 26

suppressed evidence was exculpatory and material to the determination of his guilt. The court rejected Lee's second claim, holding that the trial court properly exercised its discretion in crafting an appropriate remedy for the alleged due process violation. Finally, the court rejected Lee's third claim for several interrelated reasons, all involving his ability to pursue his evidentiary challenges on appeal without the missing transcripts.

 3c. Lee filed a petition for review, which the Wisconsin Supreme Court denied. He also filed a petition for certiorari, which the United States Supreme Court denied.

 3d. The following documents from Lee's direct appeal and certiorari petition are filed with this answer:

 **Exhibit 2**: Lee's brief-in-chief in the Wisconsin Court of Appeals.

 **Exhibit 3**: The State's response brief in the Wisconsin Court of Appeals.

 **Exhibit 4**: Lee's reply brief in the Wisconsin Court of Appeals.

 **Exhibit 5**: The Wisconsin Court of Appeals' decision affirming Lee's convictions and the order denying postconviction relief.

 **Exhibit 6**: Lee's petition for review in the Wisconsin Supreme Court.

 **Exhibit 7**: The State's response to Lee's petition for review.

 **Exhibit 8**: The Wisconsin Supreme Court's order denying Lee's petition for review.

 **Exhibit 9**: Lee's petition for writ of certiorari in the United States Supreme Court.

**Exhibit 10**: The Supreme Court's order denying Lee's petition for writ of certiorari.

4. **DENIES** that Lee is entitled to relief on his Ground One claim that the State violated his right to due process by failing to disclose that police interviewed Watou Lee, Mikey Thao, and Ryan Thao in December 2013. Respondent **ALLEGES** that the decision of the Wisconsin Court of Appeals with respect to Ground One is not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor was the decision based on an unreasonable interpretation of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).

5. **DENIES** that Lee is entitled to relief on his Ground Two claim that the State violated his right to due process by intentionally destroying the recordings of the December 2013 interviews. Respondent **ALLEGES** that the decision of the Wisconsin Court of Appeals with respect to Ground Two is not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor was the decision based on an unreasonable interpretation of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).

6. **DENIES** that Lee is entitled to relief on his Ground Three claim that his trial counsel was ineffective for failing to object to alleged hearsay admitted at trial, failing to pursue a motion to suppress his statements, and

failing to object to the certain inadmissible evidence which reached the jury during trial and deliberations. Respondent **ALLEGES** that Lee procedurally defaulted this claim because he did not present that claim through one complete round of state-court review and would be barred under state law from doing so now. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157, 164 (1994).

7a. **DENIES** that Lee is entitled to relief on his Ground Four claim that missing transcripts deprived him of his right to a meaningful appeal. Respondent **ALLEGES** that Lee's claim is not a cognizable basis for federal habeas relief because it is a state-law claim. "[F]ederal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (citation omitted). "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 2254(a)). Lee's claim that the absence of transcripts of a portion of his trial prevented him from having a "meaningful appeal" does not rise to the level of a constitutional violation.

7b. **ALLEGES** that, even if Lee's Ground Four claim were cognizable in federal habeas, he procedurally defaulted it by failing to fairly present it to the Wisconsin appellate courts. To have fairly presented a claim in state court, a petitioner must have "alert[ed] that court to the federal nature of the claim."

*Bolton v. Akpore*, 730 F.3d 685, 695 (7th Cir. 2013) (citation omitted). Lee failed to do so; at best, he seemed to suggest that the alleged error violated only his rights under the Wisconsin Constitution. (Ex. 2:33.)

7c. **ALLEGES** that, even if Lee's Ground Four claim were cognizable and fairly presented, the decision of the Wisconsin Court of Appeals with respect to Ground Four is not contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, nor was the decision based on an unreasonable interpretation of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d).

8. **DENIES** that Lee is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

9. **ALLEGES** that any constitutional violation was harmless error.

## TRANSCRIPTS

Transcripts of Lee's proceedings in state court are available. Respondent does not know of any proceedings for which there are any untranscribed court reporter notes. In accordance with Rule 5 of the Rules Governing Section 2254 Cases, Respondent is filing the following relevant transcripts with this answer.

**Exhibit 11**: Transcript of motion hearing (5-26-15)
**Exhibit 12**: Transcript of motion hearing (6-18-15)
**Exhibit 13**: Transcript of motion hearing (9-29-15)
**Exhibit 14**: Transcript of motion hearing (1-8-16)
**Exhibit 15**: Decision hearing (2-3-16)
**Exhibit 16**: Transcript of Jury Trial (Day One) (2-24-16)
**Exhibit 17**: Transcript of Jury Trial (Day Two) (2-25-16)

| | |
|---|---|
| **Exhibit 18**: | Transcript of Jury Trial (Day Three) (2-26-16) |
| **Exhibit 19**: | Transcript of Jury Trial (Day Four) (2-29-16) |
| **Exhibit 20**: | Transcript of Jury Trial (Day Five) (3-1-16) |
| **Exhibit 21**: | Transcript of Jury Trial (Day Six) (3-2-16) |
| **Exhibit 22**: | Transcript of Jury Trial (Day Seven) (3-3-16) |
| **Exhibit 23**: | Transcript of Jury Trial (Day Eight) (3-4-16) |
| **Exhibit 24**: | Transcript of Jury Trial (Day Nine) (3-7-16) |
| **Exhibit 25**: | Transcript of Jury Trial (Day Ten) (3-8-16) |
| **Exhibit 26**: | Transcript of Jury Trial (Day Eleven) (3-9-16) |
| **Exhibit 27**: | Transcript of Jury Trial Verdict (3-9-16) |
| **Exhibit 28**: | Transcript of Postconviction Motion hearing (2-26-18) |
| **Exhibit 29**: | Transcript of Postconviction Motion hearing (5-1-18) |
| **Exhibit 30**: | Decision hearing (8-27-18) |

Additional transcripts are available. Respondent does not consider them to be relevant and therefore is not filing them as exhibits to this answer, but will file them upon this Court's request:

- Initial appearance (12-16-13)
- Preliminary Hearing (2-12-14)
- Arraignment (3-18-14)
- Status Conference (6-5-14)
- Motion Hearing (12-22-14)
- Motion Hearing (1-27-15)
- Motion Hearing (2-23-15)
- Motion Hearing (3-19-15)
- Motion Hearing (3-24-15)
- Motion Hearing (4-8-15)
- Partial Motion Hearing (Part 1) (4-10-15)
- Partial Motion Hearing (Part 2) (4-10-15)
- Motion Hearing (2-9-16)
- Motion Hearing (2-18-16)
- Telephonic Motion Hearing (2-22-16)
- Sentencing Hearing (6-2-16)
- Restitution Hearing (9-8-16)
- Restitution Hearing (5-25-17)

## CONCLUSION

The State requests that this Court **DENY** and **DISMISS** Lee's petition for a writ of habeas corpus and decline to issue a certificate of appealability.

Dated this 11th day of November 2022.

> Respectfully submitted,
>
> JOSHUA L. KAUL
> Attorney General of Wisconsin
>
> Electronically signed by:
>
> s/John W. Kellis
> JOHN W. KELLIS
> Assistant Attorney General
> State Bar #1083400
>
> Attorneys for Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7081
(608) 294-2907 (Fax)
kellisjw@doj.state.wi.us