STATE OF WISCONSIN

I N  S U P R E M E  C O U R T

No. 2018AP1741-CR

STATE OF WISCONSIN,

        Plaintiff-Respondent,

  v.

CHONG LENG LEE,

        Defendant-Appellant-Petitioner.

**RESPONSE OPPOSING PETITION FOR REVIEW**

                             JOSHUA L. KAUL
                             Attorney General of Wisconsin

                             SCOTT E. ROSENOW
                             Assistant Attorney General
                             State Bar #1083736

                             Attorneys for Plaintiff-
                             Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3539
(608) 266-9594 (Fax)
rosenowse@doj.state.wi.us

Exhibit 7

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................... 1

ARGUMENT ........................................................................... 1

    This case is not a proper vehicle for developing the law. ........................................................................... 1

    A.    Because the State did not violate *Brady v. Maryland* here, there is no need to grant review to decide the possible remedies for a *Brady* violation. ...................................................... 1

    B.    Chong's second issue is barred by judicial estoppel and seeks to correct a nonexistent error. ................................... 4

    C.    As Chong essentially concedes, his third issue lacks potential for law development. ............................................... 6

CONCLUSION ....................................................................... 8

Page

# TABLE OF AUTHORITIES

Page

**Cases**

*Arizona v. Youngblood*,
   488 U.S. 51 (1988) .............................................................. 5

*Brady v. Maryland*,
   373 U.S. 83 (1963) .............................................................. 1

*California v. Trombetta*,
   467 U.S. 479 (1984) ............................................................ 5

*Maryland Arms Ltd. P'ship v. Connell*,
   2010 WI 64, 326 Wis. 2d 300, 786 N.W.2d 15 ..................... 2

*McCarthy v. Pollard*,
   656 F.3d 478 (7th Cir. 2011) .......................................... 5, 6

*State v. Amundson*,
   69 Wis. 2d 554, 230 N.W.2d 775 (1975) ............................. 5

*State v. Avery*,
   2011 WI App 124, 337 Wis. 2d 351, 804 N.W.2d 216 ......... 2

*State v. Hahn*,
   132 Wis. 2d 351, 392 N.W.2d 464 (Ct. App. 1986).............. 4

*State v. Harris*,
   2004 WI 64, 272 Wis. 2d 80, 680 N.W.2d 737 ..................... 2

*State v. Huggett*,
   2010 WI App 69, 324 Wis. 2d 786, 783 N.W.2d 675 ........... 4

*State v. Jackson*,
   2016 WI 56, 369 Wis. 2d 673, 882 N.W.2d 422 .................... 2

*State v. Luedtke*,
   2015 WI 42, 362 Wis. 2d 1, 863 N.W.2d 592 ....................... 5

*State v. McCready*,
   2000 WI App 68, 234 Wis. 2d 110, 608 N.W.2d 762 ........... 4

*State v. Parker*,
   2002 WI App 159, 256 Wis. 2d 154, 647 N.W.2d 430 ..... 3, 7

*State v. Perry*,
   136 Wis. 2d 92, 401 N.W.2d 748 (1987) ............................. 7

*State v. Pope*,
  2019 WI 106, 389 Wis. 2d 390, 936 N.W.2d 606................. 7

*State v. Rockette*,
  2006 WI App 103, 294 Wis. 2d 611, 718 N.W.2d 269 ......... 1

*State v. Wayerski*,
  2019 WI 11, 385 Wis. 2d 344, 922 N.W.2d 468................... 5

*United States v. Grintjes*,
  237 F.3d 876 (7th Cir. 2001) ............................................... 2

# INTRODUCTION

This Court should deny Chong Leng Lee's petition for review because this case does not have potential for law development. To reach the issues at the heart of Lee's petition, this Court would need to resolve threshold issues in his favor, but it would not do so. If this Court grants Lee's petition, the State may advance all the arguments that it raised in the court of appeals, including an argument that this Court should change the test for when governmental destruction of evidence violates due process.

# ARGUMENT

**This case is not a proper vehicle for developing the law.**

Chong raises three general issues. None of them merits review.

> **A. Because the State did not violate *Brady v. Maryland* here, there is no need to grant review to decide the possible remedies for a *Brady* violation.**

"To establish a *Brady* violation, the defendant must show that the State suppressed the evidence in question, that the evidence was favorable to the defendant and that the evidence was 'material' to the determination of the defendant's guilt or punishment." *State v. Rockette*, 2006 WI App 103, ¶ 39, 294 Wis. 2d 611, 718 N.W.2d 269 (citation omitted); *see generally Brady v. Maryland*, 373 U.S. 83 (1963).

In his petition for review, Chong asserts that "jurisdictions disagree on whether dismissal is available to remedy a *Brady* violation." (Pet. 11.) He asks this Court to resolve that issue in his case. (Pet. 11–12.)

There are, however, two major obstacles to reaching that issue in Chong's case.

First, Chong's *Brady* claims fails at the outset because "*Brady* . . . 'does not require pretrial disclosure.'" *State v. Harris*, 2004 WI 64, ¶ 37, 272 Wis. 2d 80, 680 N.W.2d 737 (quoting *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001)). Chong, however, raised his *Brady* claim in a motion for dismissal or suppression in September 2015—five months before trial. (R. 91.) In early February 2016, a few weeks before trial, the circuit court denied the motion to dismiss but granted Chong's request to suppress some of the State's evidence. (R. 332:10–13.) "The trial court's exercise of discretion is based on the facts before it at the time of its decision." *State v. Avery*, 2011 WI App 124, ¶ 61 n.18, 337 Wis. 2d 351, 804 N.W.2d 216, *modified on other grounds by State v. Jackson*, 2016 WI 56, 369 Wis. 2d 673, 882 N.W.2d 422. Chong cannot plausibly argue that the circuit court was required to dismiss his case pretrial under *Brady*, because *Brady* did not require the State to disclose evidence to him months or weeks before trial.

Second, as the court of appeals correctly explained, Chong has not met the second or third prongs of the *Brady* test. That is, he has not shown that the deleted interview recordings were favorable to his defense or material. (Pet-App. A:8–16.) Tellingly, Chong acknowledges that he does not "fully develop this subsidiary issue in his petition." (Pet. 12.) Because Chong cannot meet two of the three required elements for showing a *Brady* violation, this Court would have no basis for deciding what remedies are available for a *Brady* violation. As this Court has repeatedly explained, "[t]ypically, an appellate court should decide cases on the narrowest possible grounds. Issues that are not dispositive need not be addressed." *Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, ¶ 48, 326 Wis. 2d 300, 786 N.W.2d 15 (citation omitted).

2

Further, Chong's *Brady* argument is meritless in part because it is misleading. Chong asserts that, "[b]ased on the [circuit] court's ruling, the jury never heard from the only witnesses who could identify the shooter and who did not identify Chong as the shooter." (Pet. 6.) The court of appeals, however, correctly noted that "Chong's argument in this regard is misleading. He does not cite any portion of the record supporting his assertion that Watou [Lee], Mikey [Thao], or Ryan [Thao] identified a specific person other than Chong as the shooter during the December 2013 interviews." (Pet-App. A:10.) The court of appeals also correctly noted that, "by the time of trial, Chong knew what testimony Watou, Mikey, and Ryan would potentially provide at trial. He could have called those witnesses to testify if he believed their testimony would exculpate him, even though the police had deleted the recordings of their December 2013 interviews." (Pet-App. A:12.) So, Chong's argument incorrectly suggests that: (1) Watou, Mikey, and Ryan identified someone besides Chong as the shooter when police interviewed them in December 2013; and (2) the circuit court prevented him from calling them at trial. The court of appeals correctly rejected each of those false suggestions. (Pet-App. A:10, 12.) Because Chong decided not to call Watou, Mikey, and Ryan at trial, "[t]he inescapable conclusion" is that those three men would not have provided exculpatory evidence. *State v. Parker*, 2002 WI App 159, ¶ 15, 256 Wis. 2d 154, 647 N.W.2d 430.

Because Chong cannot establish a *Brady* violation, there is no need for this Court to grant review and decide what remedies are available for a *Brady* violation.

### B. Chong's second issue is barred by judicial estoppel and seeks to correct a nonexistent error.

Chong further seeks review so this Court can decide what remedies are available when the State's destruction of evidence violates due process. He contends that the "[circuit] court's selection of remedy did not right to wrong in this case" because "prohibiting the testimony of [Watou, Mikey, and Ryan] had a more detrimental effect." (Pet. 18.)

But there is one hurdle that would prevent this Court from reaching that issue: Chong is judicially estopped from challenging the circuit court's choice of remedy. A criminal defendant is judicially estopped from arguing on appeal that the circuit court should not have granted him relief that he requested. *See, e.g.*, *State v. McCready*, 2000 WI App 68, ¶ 8, 234 Wis. 2d 110, 608 N.W.2d 762. Chong moved the circuit court to dismiss his case or suppress incriminating testimony of "any witness interviewed by law enforcement in which law enforcement destroyed the recorded statement of said witness." (R. 91:1.) The circuit court granted Chong's suppression motion, prohibiting the State from calling Ryan, Mikey, or Watou at Chong's trial. (R. 332:13.) Chong thus cannot argue on appeal that his requested suppression order somehow hurt his defense.

In any event, binding precedent forecloses Chong's argument that dismissal of his case was mandatory. "[W]hen the government has destroyed [or lost] criminal evidence, the imposition of a sanction is within the court's discretion." *State v. Huggett*, 2010 WI App 69, ¶ 25, 324 Wis. 2d 786, 783 N.W.2d 675 (second alteration in original) (quoting *State v. Hahn*, 132 Wis. 2d 351, 361, 392 N.W.2d 464 (Ct. App. 1986)).

Yet Chong argues that dismissal is required when the government destroys evidence in bad faith, because "bad faith embodies a single degree of malice." (Pet. 15.) He is wrong. In

4

determining whether the destruction of evidence justifies dismissal of a case, relevant factors are "the *degree of negligence or bad faith by the government*, the importance of the evidence lost, and the other evidence of guilt adduced at trial." *State v. Amundson*, 69 Wis. 2d 554, 580, 230 N.W.2d 775 (1975) (emphasis added), *overruled on other grounds by State v. Wayerski*, 2019 WI 11, 385 Wis. 2d 344, 922 N.W.2d 468. Tellingly, Chong ignores *Amundson* in his petition for review, although the State and court of appeals relied on it below.

There is no reason for this Court to review the circuit court's discretionary choice of remedy—one of the two remedies that Chong requested.

If this Court grants review of this issue, the State intends to also argue that (1) the police's destruction of interview recordings did not violate Chong's right to due process under existing Wisconsin case law; and (2) in any event, this Court should abrogate existing Wisconsin case law on destruction of evidence. Under Wisconsin courts' interpretation of *Arizona v. Youngblood*, 488 U.S. 51 (1988), and *California v. Trombetta*, 467 U.S. 479 (1984), "a defendant's due process rights regarding the destruction of evidence are violated if the State (1) fails to preserve evidence that is apparently exculpatory or (2) acts in bad faith by failing to preserve evidence that is potentially exculpatory." *State v. Luedtke*, 2015 WI 42, ¶ 53, 362 Wis. 2d 1, 863 N.W.2d 592. Under the proper interpretation of *Youngblood* and *Trombetta*, a defendant must satisfy three requirements to show that the State violated due process by destroying evidence: "(1) the State acted in bad faith; (2) the exculpatory value of the evidence was apparent before it was destroyed; and (3) the evidence was of such a nature that the [defendant] was unable to obtain comparable evidence by other reasonably available means." *McCarthy v. Pollard*, 656 F.3d

478, 485 (7th Cir. 2011). Contrary to Wisconsin case law, "*Trombetta* and *Youngblood* do not create two separate rules, with the former governing 'apparently' exculpatory evidence and the latter governing 'potentially' exculpatory evidence." *Id.* at 484–85.

In short, Chong is judicially estopped from advancing his second issue presented to this Court, and this issue is foreclosed by Wisconsin precedent that Chong does not challenge or even acknowledge in his petition.

### C. As Chong essentially concedes, his third issue lacks potential for law development.

Chong presents a third issue for review: whether he is entitled to a new trial because a court reporter did not transcribe an in-chambers conference during his trial. Postconviction testimony established that the parties and circuit court might have discussed, during this conference, whether to admit into evidence Chong's statement that he would "beat this case."

This Court should decline to review this issue for five reasons.

First, Chong is judicially estopped from advancing this issue. In his petition for review, he argues that his "beat this case" comment was probative of his consciousness of guilt. (Pet. 23.) He disingenuously suggests that he took this position in the circuit court, noting that "the State *agreed* that these statements were incriminating when it vigorously argued for their admission as evidencing a 'consciousness of guilt.'" (Pet. 23–24 (emphasis added).) In the circuit court, however, Chong argued that his "beat this case" comment was *not* probative of his consciousness of guilt. (R. 72:2; *see also* 328:6; 330:124–27). Chong is judicially estopped from arguing otherwise on appeal. (State's Ct. App. Resp. Br. 35–36.)

Second, Chong concedes that this issue "lacks the same law-developing allure of the first two issues." (Pet. 2.) He is right. This Court very recently addressed the line of cases involving missing transcripts in *State v. Pope*, 2019 WI 106, 389 Wis. 2d 390, 936 N.W.2d 606. Chong does not explain how his case would present an opportunity to further develop this area of the law after *Pope*. In fact, he does not even mention *Pope* in his petition for review.

Third, a "circuit court's decision whether to grant a new trial due to lack of transcript is discretionary." *Pope*, 389 Wis. 2d 390, ¶ 20. Reviewing the circuit court's exercise of discretion in Chong's case is not worthy of this Court's time.

Fourth, Chong fails to explain how the court of appeals' decision in his case conflicts with *State v. Perry*, 136 Wis. 2d 92, 401 N.W.2d 748 (1987). Under *Perry*, "a missing transcript that cannot be re-created entitles the defendant to a new trial if the defendant demonstrates a 'colorable need' for the transcript." *Parker*, 256 Wis. 2d 154, ¶ 9 (quoting *Perry*, 136 Wis. 2d at 108). Chong asserts that "[t]he court of appeals implicitly recognized Chong's colorable need, noting that a party aggrieved by the loss of a record is not made to bear the burden of the loss." (Pet. 24.) He is wrong. The court of appeals concluded that Chong lacked a colorable need: "[T]he fact that there is no record of the court's reasoning does not demonstrate the existence of a colorable need for the missing transcripts. Because Chong has not shown that such a colorable need exists, the court did not erroneously exercise its discretion by denying his request for a new trial." (Pet-App. A:25.) The court of appeals correctly applied *Perry*.

Fifth and finally, the failure to transcribe the in-chambers conference is harmless error. "Error in transcript preparation or production, like error in trial procedure, is subject to the harmless-error rule." *Perry*, 136 Wis. 2d at 100. The very brief evidence of Chong's "beat this case" comment

7

was harmless in light of his confessions to eight people, and so the absence of transcripts showing *why* that comment was admitted into evidence is also harmless. (State's Ct. App. Resp. Br. 33–35.)

## CONCLUSION

This Court should deny Chong's petition for review.
Dated this 12th day of February 2020.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin


SCOTT E. ROSENOW
Assistant Attorney General
State Bar #1083736

Attorneys for Plaintiff-Respondent

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3539
(608) 266-9594 (Fax)
rosenowse@doj.state.wi.us

# CERTIFICATION

I hereby certify that this response conforms to the rules contained in Wis. Stat. § 809.62(4) for a response to petition for review produced with a proportional serif font. The length of this response is 2124 words.

_____
SCOTT E. ROSENOW
Assistant Attorney General

# CERTIFICATE OF COMPLIANCE WITH WIS. STAT. § (RULE) 809.62(4)(b)

I hereby certify that:

I have submitted an electronic copy of this response to petition for review, excluding the appendix, if any, which complies with the requirements of Wis. Stat. §§ (Rules) 809.62(4)(b) and 809.19(12).

I further certify that:

This electronic response to petition for review is identical in content and format to the printed form of the response to petition for review filed as of this date.

A copy of this certificate has been served with the paper copies of this response to petition for review filed with the court and served on all opposing parties.

Dated this 12th day of February 2020.

_____
SCOTT E. ROSENOW
Assistant Attorney General